# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMIL GRAYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO.   21 CV 4688 |
| | ) | |
| CITY OF CHICAGO, OFFICER GOZDAL, UNKNOWN CHICAGO POLICE OFFICER 1, and UNKNOWN CHICAGO POLICE OFFICER 2, | ) ) ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, JAMIL GRAYER, by and through his attorney, BASILEIOS J. FOUTRIS, and for his Complaint against the Defendants, CITY OF CHICAGO, OFFICER GOZDAL, UNKNOWN CHICAGO POLICE OFFICER 1, and UNKNOWN CHICAGO POLICE OFFICER 2, states as follows:

### Nature of Action

1. This action is brought pursuant to the Laws of the United States Constitution, through 42 U.S.C. §1983 and 42 U.S.C. §1988, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants in connection with an incident on September 6, 2020.

### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

3. At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

4. At all relevant times, the CITY OF CHICAGO was a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the CITY OF CHICAGO was

1

the employer of Defendants OFFICER GOZDAL, UNKNOWN CHICAGO POLICE OFFICER 1, and UNKNOWN CHICAGO POLICE OFFICER 2. Defendants OFFICER GOZDAL, UNKNOWN CHICAGO POLICE OFFICER 1, and UNKNOWN CHICAGO POLICE OFFICER 2, were at all relevant times employed by Defendant CITY OF CHICAGO as duly appointed POLICE OFFICERS acting within the course and scope of their employment and under color of law. Defendants OFFICER GOZDAL, UNKNOWN CHICAGO POLICE OFFICER 1, and UNKNOWN CHICAGO POLICE OFFICER 2, are being sued in their individual capacities with respect to the federal claims. The state claims against the CITY OF CHICAGO are being advanced both on a *respondeat superior* basis, as that Defendant is the employer of Defendants OFFICER GOZDAL, UNKNOWN CHICAGO POLICE OFFICER 1, and UNKNOWN CHICAGO POLICE OFFICER 2, and pursuant to Illinois' indemnification statute.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Facts**

6. On September 6, 2020, the Plaintiff was driving a vehicle in Chicago, IL. As he was driving the vehicle, the Plaintiff was not violating any laws, rules, or ordinances. Additionally, at that time, there was no probable cause or reasonable suspicion to believe that the Plaintiff was violating any laws, rules, or ordinances. Similarly, the vehicle that the Plaintiff was in was not in violation of any laws, rules, or ordinances; and there was no probable cause or reasonable suspicion to believe that it was in violation of any laws, rules, or ordinances.

7. Even though there was no lawful justification for doing so, on the above-referenced date, OFFICER GOZDAL, UNKNOWN CHICAGO POLICE OFFICER 1, and UNKNOWN

CHICAGO POLICE OFFICER 2, pulled over the Plaintiff's vehicle. The Plaintiff was never told why his vehicle was pulled over.

8. UNKNOWN CHICAGO POLICE OFFICER 1 was a female police officer, and UNKNOWN CHICAGO POLICE OFFICER 2 was a male police officer.

9. After pulling over the vehicle, the individual Defendants approached the Plaintiff's vehicle. After they approached the vehicle, Defendant GOZDAL ordered the Plaintiff to exit the vehicle. There was no probable cause or legal justification to do so.

10. Nevertheless, the Plaintiff immediately complied with the order.

11. The individual Defendants thereafter took the Plaintiff's identification and "ran" his name in a CPD database.

12. The search of the Plaintiff's name revealed that the Plaintiff was not suspected of any criminal or unlawful activity.

13. After exiting the vehicle, the Plaintiff was not free to go, and was ordered to stay near the trunk of his vehicle by the individual Defendants.

14. At that point in time, the Plaintiff was being detained by the individual Defendants. There was no legal justification to detain the Plaintiff at that time.

15. After he exited the vehicle, while he was being detained, the Plaintiff's person was searched by Defendant GOZDAL. The Plaintiff did not give consent for his person to be searched. Additionally, there was no probable cause or legal justification to search the Plaintiff's person.

16. After he exited his vehicle, UNKNOWN CHICAGO POLICE OFFICER 2 began searching the interior of the Plaintiff's vehicle. The Plaintiff expressly told the individual Defendants that he did not consent to the search of his vehicle. There was no probable cause or legal justification to search the Plaintiff's vehicle.

3

17.	After a period of time, the Defendants, OFFICER GOZDAL, UNKNOWN CHICAGO POLICE OFFICER 1, and UNKNOWN CHICAGO POLICE OFFICER 2, let the Plaintiff leave the scene without charging him with any crime, and without giving him any tickets. The Defendants, OFFICER GOZDAL, UNKNOWN CHICAGO POLICE OFFICER 1, and UNKNOWN CHICAGO POLICE OFFICER 2, did not create any paperwork regarding their interaction with the Plaintiff.

18.	The September 6, 2020, detention and the search of the Plaintiff's vehicle and person were done without legal justification and without probable cause.

19.	All of the Defendants' above-referenced acts were intentional and/or willful and wanton and/or unreasonable.

### COUNT I - 42 U.S.C. §1983
### Unlawful Detention/Seizure – Defendant Officers

20.	The Plaintiff re-alleges Paragraphs 1 through 19, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 20.

21.	As described above, OFFICER GOZDAL, UNKNOWN CHICAGO POLICE OFFICER 1, and UNKNOWN CHICAGO POLICE OFFICER 2 each unreasonably seized and/or unlawfully detained the Plaintiff's person.

22.	The misconduct was undertaken by OFFICER GOZDAL, UNKNOWN CHICAGO POLICE OFFICER 1, and UNKNOWN CHICAGO POLICE OFFICER 2 under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

23. The acts of OFFICER GOZDAL, UNKNOWN CHICAGO POLICE OFFICER 1, and UNKNOWN CHICAGO POLICE OFFICER 2 were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

24. As a direct and proximate result of the acts of OFFICER GOZDAL, UNKNOWN CHICAGO POLICE OFFICER 1, and UNKNOWN CHICAGO POLICE OFFICER 2, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JAMIL GRAYER, prays for judgment in his favor and against the Defendants, OFFICER GOZDAL, UNKNOWN CHICAGO POLICE OFFICER 1, and UNKNOWN CHICAGO POLICE OFFICER 2, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT II - 42 U.S.C. §1983
## Unlawful Search – Officer Gozdal

25. The Plaintiff re-alleges Paragraphs 1 through 24, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 25.

26. As described above, OFFICER GOZDAL searched the Plaintiff without his consent or legal justification.

27. The misconduct was undertaken by OFFICER GOZDAL under color of law, under the course and scope of his employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

28. The acts of OFFICER GOZDAL were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

29. As a direct and proximate result of the acts of OFFICER GOZDAL, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JAMIL GRAYER, prays for judgment in his favor and against the Defendant, OFFICER GOZDAL, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

### COUNT III - 42 U.S.C. §1983
### Unlawful Search – Unknown Chicago Police Officer 2

30. The Plaintiff re-alleges Paragraphs 1 through 29, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 30.

31. As described above, UNKNOWN CHICAGO POLICE OFFICER 2 searched the Plaintiff's vehicle without his consent or legal justification.

32. The misconduct was undertaken by UNKNOWN CHICAGO POLICE OFFICER 2 under color of law, under the course and scope of his employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

33. The acts of UNKNOWN CHICAGO POLICE OFFICER 2 were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

34. As a direct and proximate result of the acts of UNKNOWN CHICAGO POLICE OFFICER 2, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JAMIL GRAYER, prays for judgment in his favor and against the Defendant, UNKNOWN CHICAGO POLICE OFFICER 2, awarding compensatory

damages, punitive damages, attorney fees, and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

## COUNT IV - 42 U.S.C. §1983
## Failure to Intervene – Unknown Chicago Police Officer 1

35. The Plaintiff re-alleges Paragraphs 1 through 34, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 35.

36. As described above, OFFICER GOZDAL searched the Plaintiff's person without his consent or legal justification. Additionally, as described above, UNKNOWN CHICAGO POLICE OFFICER 2 searched the Plaintiff's vehicle without his consent or legal justification. UNKNOWN CHICAGO POLICE OFFICER 1 was present and had a reasonable opportunity to prevent the harm and/or the unlawful behavior referenced above, including both the search of the Plaintiff's vehicle and the search of the Plaintiff's person, but failed and/or declined to do so. As such, UNKNOWN CHICAGO POLICE OFFICER 1 stood by and watched without intervening to prevent the aforesaid constitutional violations and/or deprivations to which the Plaintiff was subjected in violation of the United States Constitution, even though she had a reasonable opportunity to prevent the harm and/or the unlawful behavior referenced above, but failed and/or declined to do so

37. The misconduct was undertaken by UNKNOWN CHICAGO POLICE OFFICER 1 under color of law, under the course and scope of her employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

38. The acts of UNKNOWN CHICAGO POLICE OFFICER 1 were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

39. As a direct and proximate result of the acts of UNKNOWN CHICAGO POLICE OFFICER 1, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JAMIL GRAYER, prays for judgment in his favor and against the Defendant, UNKNOWN CHICAGO POLICE OFFICER 1, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

## COUNT V – Illinois State Law
### *Respondeat Superior* False Detention/Arrest – City of Chicago

40. The Plaintiff re-alleges Paragraphs 1 through 39, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 40.

41. As described above, Defendant, CITY OF CHICAGO, by and through its employees, OFFICER GOZDAL, UNKNOWN CHICAGO POLICE OFFICER 1, and UNKNOWN CHICAGO POLICE OFFICER 2, who were acting in the course and scope of their employment, detained and/or arrested the Plaintiff, or caused the Plaintiff to be detained and/or arrested, without a warrant, without probable cause and without legal justification. Due to the detention and/or arrest, the Plaintiff had his liberty to move about restrained by the Chicago employees.

42. As a proximate result of the aforementioned intentional, harmful and/or offensive conduct of Defendant, CITY OF CHICAGO, by and through its employees OFFICER GOZDAL, UNKNOWN CHICAGO POLICE OFFICER 1, and UNKNOWN CHICAGO POLICE OFFICER 2, who were acting in the course and scope of their employment, the Plaintiff was injured; has endured and will in the future endure physical and emotional pain and suffering; has become disfigured and disabled; has suffered a loss of his normal life and/or disability; and has incurred

and will in the future incur expenses for hospitalizations, medical care, rehabilitative care and other related medical costs.

43. The above-referenced misconduct was undertaken by OFFICER GOZDAL, UNKNOWN CHICAGO POLICE OFFICER 1, and UNKNOWN CHICAGO POLICE OFFICER 2 under color of law and under the course and scope of their employment, and was undertaken intentionally. Pursuant to the doctrine of *respondeat superior*, as the employer of Defendants OFFICER GOZDAL, UNKNOWN CHICAGO POLICE OFFICER 1, and UNKNOWN CHICAGO POLICE OFFICER 2, Defendant, CITY OF CHICAGO, is liable to the Plaintiff for the Defendants', OFFICER GOZDAL, UNKNOWN CHICAGO POLICE OFFICER 1, and UNKNOWN CHICAGO POLICE OFFICER 2, actions/interaction with the Plaintiff, as outlined above.

WHEREFORE, the Plaintiff, JAMIL GRAYER, prays for judgment in his favor and against the Defendant, CITY OF CHICAGO, awarding compensatory damages and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

## COUNT VI – Illinois State Law
### *Respondeat Superior* Invasion of Privacy/unreasonable intrusion upon seclusion of Plaintiff's person – City of Chicago

44. The Plaintiff re-alleges Paragraphs 1 through 43, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 44.

45. As described above, Defendant, CITY OF CHICAGO, by and through its employee, OFFICER GOZDAL, who was acting in the course and scope of his employment, invaded the Plaintiff's privacy by unreasonably intruding upon the seclusion of Plaintiff's person when he searched the Plaintiff's person without probable cause and without legal justification.

46. As a proximate result of the aforementioned intentional, harmful and/or offensive conduct of Defendant, CITY OF CHICAGO, by and through its employee OFFICER GOZDAL, who was acting in the course and scope of his employment, the Plaintiff was injured; has endured and will in the future endure physical and emotional pain and suffering; has become disfigured and disabled; has suffered a loss of his normal life and/or disability; and has incurred and will in the future incur expenses for hospitalizations, medical care, rehabilitative care and other related medical costs.

47. The above-referenced misconduct was undertaken by OFFICER GOZDAL under color of law and under the course and scope of his employment, and was undertaken intentionally. Pursuant to the doctrine of *respondeat superior*, as the employer of Defendant OFFICER GOZDAL, Defendant, CITY OF CHICAGO, is liable to the Plaintiff for the Defendant's, OFFICER GOZDAL, actions/interaction with the Plaintiff, as outlined above.

WHEREFORE, the Plaintiff, JAMIL GRAYER, prays for judgment in his favor and against the Defendant, CITY OF CHICAGO, awarding compensatory damages and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

### COUNT VII – Illinois State Law
*Respondeat Superior* Invasion of Privacy/unreasonable intrusion upon seclusion of Plaintiff's vehicle – City of Chicago

48. The Plaintiff re-alleges Paragraphs 1 through 47, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 48.

49. As described above, Defendant, CITY OF CHICAGO, by and through its employee, UNKNOWN CHICAGO POLICE OFFICER 2, who was acting in the course and scope of his employment, invaded the Plaintiff's privacy by unreasonably intruding upon the seclusion

of Plaintiff's person when he searched the Plaintiff's vehicle without probable cause and without legal justification.

50. As a proximate result of the aforementioned intentional, harmful and/or offensive conduct of Defendant, CITY OF CHICAGO, by and through its employee UNKNOWN CHICAGO POLICE OFFICER 2, who was acting in the course and scope of his employment, the Plaintiff was injured; has endured and will in the future endure physical and emotional pain and suffering; has become disfigured and disabled; has suffered a loss of his normal life and/or disability; and has incurred and will in the future incur expenses for hospitalizations, medical care, rehabilitative care and other related medical costs.

51. The above-referenced misconduct was undertaken by UNKNOWN CHICAGO POLICE OFFICER 2 under color of law and under the course and scope of his employment, and was undertaken intentionally. Pursuant to the doctrine of *respondeat superior*, as the employer of Defendant UNKNOWN CHICAGO POLICE OFFICER 2, Defendant, CITY OF CHICAGO, is liable to the Plaintiff for the Defendant's, UNKNOWN CHICAGO POLICE OFFICER 2, actions/interaction with the Plaintiff, as outlined above.

WHEREFORE, the Plaintiff, JAMIL GRAYER, prays for judgment in his favor and against the Defendant, CITY OF CHICAGO, awarding compensatory damages and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

### Count VIII - Illinois State Law
### Indemnification - City of Chicago

52. The Plaintiff re-alleges Paragraphs 1 through 51, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 52.

53. At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

54. At all relevant times the CITY OF CHICAGO was the employer of the Defendant Officers.

WHEREFORE, the Plaintiff, JAMIL GRAYER, pursuant to 745 ILCS 10/9-102, demands judgment against Defendant, CITY OF CHICAGO, in the amounts awarded to the Plaintiff against the Defendants, OFFICER GOZDAL, UNKNOWN CHICAGO POLICE OFFICER 1, and UNKNOWN CHICAGO POLICE OFFICER 2, and for whatever additional relief this Court deems just and appropriate.

## JURY DEMAND

The Plaintiff demands a trial by jury on all Counts.

Respectfully Submitted by,

s/Basileios J. Foutris
BASILEIOS J. FOUTRIS
Attorney for Plaintiff
FOUTRIS LAW OFFICE, LTD.
53 W. Jackson, Suite 252
Chicago, IL 60604
312-212-1200
bfoutris@foutrislaw.com